**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4472**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTOPHER LEE GRIFFIN,

        Defendant - Appellant.

**No. 19-4483**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANDREW SMITH,

        Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:14-cr-00082-RJC-4; 3:14-cr-00082-RJC-1)

Submitted: July 20, 2020                      Decided: August 13, 2020

Before KING, WYNN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Richard L. Brown, Jr., LAW OFFICES OF RICHARD L. BROWN, JR., Monroe, North Carolina; Sandra Barrett, Hendersonville, North Carolina, for Appellants. Brian A. Benczkowski, Assistant Attorney General, John P. Cronan, Principal Deputy Assistant Attorney General, Kirby A. Heller, Anna G. Kaminska, Jennifer Farer, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Christopher Lee Griffin and Andrew Smith were found guilty of conspiracy to commit wire fraud, 18 U.S.C. § 1349 (2018), eight counts of wire fraud, 18 U.S.C. § 1343 (2018), conspiracy to commit international money laundering, 18 U.S.C. § 1956(h) (2018), and seven counts of international money laundering, 18 U.S.C. § 1956(a)(2)(A) (2018). Those convictions resulted from Griffin's and Smith's participation in an illegal telemarketing sweepstakes scheme that originated in Costa Rica. As part of that scheme, Griffin, Smith, and other coconspirators located at a call center in Costa Rica contacted United States residents to falsely inform them about an alleged sweepstakes prize. The callers would then advise the victims to pay certain fees, via a Western Union or MoneyGram wire transfer, to claim the prize. Many victims paid those fees and, of course, received nothing in return.

Griffin's presentence investigation report ("PSR") calculated his advisory Guidelines range by, inter alia, applying a 20-level enhancement for a loss amount of more than $9.5 million but less than or equal to $25 million. U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(K) (2016). That enhancement, plus others not relevant to Griffin's appeal, yielded an adjusted offense level of 45, which is treated as an offense level of 43. *See* USSG, Ch. 5, Pt A. Applying the offense level of 43, Griffin's Guidelines range was life imprisonment. The district court sentenced Griffin to a total of 240 months in prison — 180 months for each count of conviction, to be served concurrently with each other, plus a consecutive term of 60 months on the single count of wire fraud conspiracy because the

jury found that the offense (and several others) involved telemarketing and included more than 10 victims over the age of 55. *See* 18 U.S.C. § 2326(2) (2018).

Smith's PSR also computed his advisory Guidelines range by, inter alia, applying a 20-level enhancement for a loss amount of more than $9.5 million but less than or equal to $25 million. USSG § 2B1.1(b)(1)(K). After various other enhancements, Smith's adjusted offense level exceeded 43 and was thus treated as an offense level of 43. Smith's advisory Guidelines range was life imprisonment. The district court sentenced Smith to a total of 300 months in prison — 240 months for each count of conviction, to be served concurrently with each other, plus a consecutive term of 60 months on the single count of wire fraud conspiracy because the jury found that the offense (and several others) involved telemarketing and included more than 10 victims over the age of 55. *See* 18 U.S.C. § 2326(2).

Griffin and Smith both appealed. They now contend that the district court violated their Sixth Amendment right to a jury trial by determining the amount of loss attributable to each of them during the sentencing proceedings instead of submitting that question to the jury. That contention, however, is meritless. Because the loss-amount calculations made by the court during sentencing did not alter the statutory mandatory minimum or maximum sentences that Griffin and Smith faced — in other words, because the loss amounts were used to fix Griffin's and Smith's advisory Guidelines ranges within the applicable statutory sentencing ranges — the jury did not have to make those determinations. *See United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008) ("Sentencing judges may find facts relevant to determining a Guidelines range by a

4

preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict."); *see also United States v. Blauvelt*, 638 F.3d 281, 293 (4th Cir. 2011) (explaining that we "have rejected [the contention advanced by Griffin and Smith] and others like it on more than one occasion").

Accordingly, we affirm Griffin's and Smith's criminal judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*